## GROVER C. BLACKBURN v. STATE.

No. A-4237.   Opinion Filed March 15, 1924.
Rehearing Denied Nov. 29, 1924.
(230 Pac 276.)

(Syllabus.)

1.   **Intoxicating Liquors—Instruction on Unlawful Possession Approved.**   Held, that the instruction complained of as modified and given was proper under the evidence.

2.   **Evidence—Self-Serving Declarations Made After Seizure Inadmissible.**   It was not error to exclude certain declarations of a witness, made some time after the seizure of the liquor by virtue of a search warrant, since such declarations were not a part of the res gestae, were self-serving, and were not admissible for any purpose.

Appeal from County Court, Caddo County; C. B. Case, Judge.

Grover C. Blackburn was convicted of the illegal possession of intoxicating liquor, and he appeals. Affirmed.

See, also, 26 Okla. Cr. 268, 224 Pac. 208.

C. H. Carswell, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. By a verdict of a jury rendered on the 6th day of December, 1921, plaintiff in error was found guilty of having had unlawful possession of 11 gallons of whisky on the 9th day of April, 1921. The court, in rendering judgment on the verdict, fixed the punishment at a fine of $50 and confinement in the county jail for a period of 30 days.

The record shows: That three peace officers went to the home of plaintiff in error, armed with a search warrant. That in searching the premises they found whisky in one of the rooms of the residence. They found some more under the house, concealed under a wagon sheet, and they found four barrels of mash in a storm cave nearby. The accused had

been away from home the evening before and claimed that the whisky and mash had been brought there in his absence, without his knowledge or consent, by a neighbor who was moving his effects from the neighborhood. This neighbor and another were present, or nearby, when the search was made. Accused claimed that he had no connection in a criminal way with the possession of the liquor.

After the cause was submitted to the jury, plaintiff in error requested the court to give an instruction as follows:

"The jury is further instructed that if you find from the evidence in the case that one Arch McCart left the whisky referred to in the information at the residence of the defendant during his absence from home, and without the knowledge or consent of the defendant, such possession by the defendant would not be unlawful."

The court modified this proffered instruction by inserting the words "directly or indirectly," making that part of the instruction read, "without his knowledge or consent, directly or indirectly." The accused claims that the instruction as given was unfair. The jury might have fairly deduced from the evidence that his neighbor had placed this whisky upon the premises with the consent of the accused, express or implied, so that the modification of this instruction was justified.

Plaintiff in error complains further that the court erred in excluding evidence of certain declarations of this neighbor, when he came to the premises after the officers had seized the whisky. These declarations were not admissible under established rules of evidence as part of the res gestae, or for any other purpose. If the accused desired to establish the fact, if indeed it was a fact, that the whisky was brought to his premises by this neighbor without his knowledge or consent,

he should have produced the witness himself or at least have made some effort to do so.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.